**L. Charles EDMONDS, Jr., Appellant,**

v.

**METRECO, LTD., and Jim Ritchie d/b/a Ritchie Roofing Company, Appellees.**

**No. 18582.**

Court of Appeals of Texas, Fort Worth.

Nov. 11, 1981.

Quisenberry, Spurlock, Whitecotton & Ward and William K. Berenson, Fort Worth, for appellant.

Earl Rutledge, Fort Worth, for appellees.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

HUGHES, Justice.

L. Charles Edmonds, Jr. has appealed the all parties take nothing judgment rendered by the trial court in this case. Edmonds is an intervenor in the law suit which was originally filed by Metreco, Ltd. against Jim Ritchie, doing business as Ritchie Roofing Company. Edmonds sought recovery from both Metreco and Ritchie, alternatively, for breach of contract.

We reverse and remand.

Before addressing Edmonds' substantive points we first address his assertion that the trial court erred in failing to file findings of fact and conclusions of law, although timely requested by Edmonds.

In discussing this point we draw attention to the fact that on September 11, 1981 Edmonds filed a motion to have the transcript supplemented. Such motion sets forth that the court reporter had omitted from the transcript a letter from the trial judge to all attorneys announcing his decision; a letter to the trial judge from Edmonds' counsel requesting that findings of fact and conclusions of law be filed; and a reminder to the trial judge to file findings of fact and conclusions of law. Attached to the motion was a sworn affidavit by Edmonds' counsel wherein it is stated that the letter requesting findings of fact and conclusions of law was tendered to the district clerk for filing and was afterward delivered to the trial court's clerk upon assurances that the letter would be personally delivered to the trial judge by the court's clerk. This letter is not file marked and there is no indication that this initial request was presented to the trial judge.

Edmonds' counsel further states in the affidavit that when no findings of fact or conclusions were received, he went to the trial judge who was at that time conducting a trial and after having waited approximately an hour he tendered a copy of the letter to the trial judge's bailiff who had advised him that he would hand the reminder to the trial judge. The letter is file marked but there is no indication that it was presented to the trial judge.

There are no supporting affidavits from the trial judge's clerk or the trial judge's bailiff. However, neither is there anything in contradiction of the affidavit. The statements in the affidavit as to what the clerk and bailiff said they would do would be hearsay but for the fact that they were presented only for the purpose of showing the affect on the hearer.

With the exception of the reminder to the trial court to file its findings and conclusions, the affidavit with the attached documents were not filed of record until September 22, 1981; therefore it cannot be said that the court clerk improperly omitted these items at the time the original transcript was prepared.

In any event, we grant Edmonds' motion to supplement the transcript. The supplemental transcript contains the same documents as are found in Edmonds' motion to supplement. Such granting is of no avail to Edmonds in regard to his point of error, however, due to the fact that even with the supplemental transcript before us we find nothing to indicate that the original request and the reminder were presented to the trial judge. Edmonds is to be held responsible for the apparent failure of the trial judge's clerk and bailiff to make the presentation and to obtain evidence thereof because, for this limited purpose, they constituted his agents.

We note in passing that the letter from the trial judge is not a legal substitute for and does not constitute the findings of fact and conclusions of law that are provided for in Tex.R.Civ.P. 296 (Supp.1981). *Tejas Trail Property Owners Association v. Holt*, 516 S.W.2d 441 (Tex.Civ.App.—Fort Worth 1974, no writ).

■ We overrule Edmonds' first point of error on the grounds that in the absence of a showing that the initial request and the reminder were presented to the trial judge, the trial judge did not err in failing to file

findings of fact and conclusions of law. *Wade v. Anderson*, 602 S.W.2d 347 (Tex.Civ. App.—Beaumont 1980, writ ref'd n. r. e.).

■ In 1978 a written contract of sale was entered into between Metreco and Edmonds. This was later supplemented by three signed addendums. These addendums related to "seriously needed" roof repairs and certain other minor repairs which the apartments needed. In regard to the roof repairs, it was agreed that Metreco would escrow $10,000.00 at closing and Metreco "would effect the same level of repairs" as was described in a roof repair estimate submitted by E. O. Wood Company. The Wood estimate specified that certain procedures would be followed and certain materials would be applied at an estimated cost of $14,820.00. The parties disagree as to whether the amount of $10,000.00 was a maximum figure to be spent on the roof by Metreco or was merely an estimate.

Without objection by Edmonds, Ritchie, instead of Wood, was hired by Metreco to perform the roof repairs at a lower estimated cost.

Ritchie worked on the roof to what he deemed completion of the job but the roof still leaked. Ceilings, walls and carpets were damaged by the leakage. Further, it was discovered that tar·had been spilled on the exterior walls. Also, shrubs were damaged by trucking ruts and asphalt.

Ritchie did return to the site to attempt reparation but only performed limited work due to a disagreement as to payments to be made to him by Metreco. Edmonds had other roofers repair the leaks but no evidence was presented as to the amounts expended in this regard.

There is no question that Metreco agreed to have the roof repaired. There is also no question that it was Metreco's agreement to procure someone to repair the roof and Ritchie was thereafter hired. Under the implicit terms of the agreement Metreco was responsible for seeing that the work was properly performed. In fact, at one point Metreco had a supervisor on the job site.

A question has been raised as to the standard of work to be performed since Ritchie performed the work instead of Wood. Whether a Wood standard of work or a Ritchie standard of work is applied here, this fact remains: the roof leaked after Ritchie supposedly repaired it. It would be highly unreasonable to assume that, as between Metreco and Ritchie, it was contemplated that a leaky roof would satisfy the terms of the contract. Obviously Edmonds did not receive the benefit of his bargain. Therefore, we hold that the contract to have the roof repaired was breached. The trial court's implied finding to the contrary is against the great weight and preponderance of the evidence.

Having determined that there was breach of contract we reverse the judgment of the trial court. Tex.R.Civ.P. 434 (Supp.1981) provides in part:

> "When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial."

■ Here, the damages are of particular concern. Although a new roof was not originally contemplated by the parties, Edmonds introduced uncontradicted expert testimony to the effect that Ritchie's work created problems requiring a new roof which would cost $53,900.00. Thus, it would arguably take a new roof to remedy the defective performance of Ritchie.

As to the proper measure of damages we deem this passage cited in *County of Tarrant v. Butcher & Sweeney Const. Co.*, 443 S.W.2d 302 (Tex.Civ.App.—Eastland 1969 writ ref'd n. r. e.) to be particularly relevant:

> " 'In whatever way the issue arises, the generally approved standards for measuring the owner's loss from defects in the work are two: First, in cases where the defect is one that can be repaired or

cured without undue expense, so as to make the building conform to the agreed plan, then the owner recovers such amount as he has reasonably expended, or will reasonably have to spend, to remedy the defect. Second, if, on the other hand, the defect in material or construction is one that cannot be remedied without an expenditure for reconstruction disproportionate to the end to be attained, or without endangering unduly other parts of the building, then the damages will be measured not by the cost of remedying the defect, but by the difference between the value of the building as it is and what it would have been worth if it had been built in conformity with the contract.' "

Inasmuch as roof repairs were originally contemplated by the parties we hold that a new roof and the cost thereof to be disproportionate to the end originally sought to be attained. For this reason we remand the case to the trial court for retrial using the difference between the value of the apartments as they are and what their value would have been if the contract had been complied with as the measure of damages. Upon retrial the evidence as to unreimbursed damages for incidental repairs should also be clarified.

Furthermore, upon retrial, the trial court should determine the respective liabilities of Metreco and Ritchie in accordance with the law as it pertains to suits involving third party beneficiaries.

The judgment of the trial court is reversed and the cause is remanded for retrial.