Kanz-JA v. Hood et al
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-152-CV

     JACK A. KANZ,
                                                                              Appellant
     v.

     HELEN A. HOOD, ET AL,
                                                                              Appellees
 
 
From the 220th District Court
Bosque County, Texas
Trial Court # 94-04-11394-BCCV
                                                                                                                 

O P I N I O N
                                                                                                                 

      The underlying suit in this appeal arose when the beneficiaries of an estate became frustrated
over unresolved matters during the prolonged administration of the estate. Helen A. Hood, Alma
L. Marion and Joe V. Kanz (collectively “Hood”) sued their brother, Jack A. Kanz (“Kanz”), who
was acting as the executor of their father Andrew Kanz, Jr.’s estate.


 Kanz now appeals the district
court’s overruling of his plea to the court’s jurisdiction. Also, Kanz complains about the court’s
appointment of a representative to execute warranty deeds on behalf of the court and the estate, the
court’s failure to file findings of fact and conclusions of law and the award of attorney’s fees
against him.
      In his fourth point of error, Kanz complains the district court erred by overruling his plea to
its jurisdiction and assuming general probate jurisdiction of the estate. To determine the proper
jurisdiction of the district court and the county court in this probate matter, we set out
chronologically the pertinent pleadings filed in each court.



∙On September 29, 1988, Kanz filed an application for the probate of his father’s will
and for the issuance of letters testamentary in the county court.
∙On October 18, 1988, the county court issued an order admitting the will to probate
and granting Kanz letters testamentary.
∙On April 26, 1994, Hood filed a petition for an accounting and distribution in district
court.
∙On August 26, 1994, Kanz filed an application to receive compensation as the
executor of his father’s estate in the county court.
∙On September 1, 1994, Kanz filed his final account in the county court in an attempt
to close the estate. Also, the county court authorized payment of executor
compensation to Kanz.
∙On February 3, 1995, Hood filed an amended motion in the county court to transfer
all the probate proceedings to the district court. Also on this date, Hood filed an
amended petition in the district court seeking an accounting, sale and distribution of
real property and exchange of real property. Additionally, Hood filed motions to
recover the compensation paid to Kanz, to disapprove the final account, to remove
Kanz as executor and to appoint a replacement executor.
      Kanz contends the district court lacked jurisdiction to decide the contested probate issues in
this case because the estate had already closed. Kanz argues the estate closed for two reasons. 
First, the administration of the estate was complete. Second, he filed a closing affidavit (final
account) pursuant to section 151 of the Probate Code six months prior to the county court’s transfer
of the case to the district court. Tex. Prob. Code Ann. § 151 (Vernon Supp. 1997).
      The general purpose of the independent administration of estates is to free the independent
executor from onerous and expensive judicial supervision so that the estate can be administered and
distributed with a minimum of cost and delay. Burke v. Satterfield, 525 S.W.2d 950, 955 (Tex.
1975); Estate of Hanau, 806 S.W.2d 900, 902-903 (Tex. App.—Corpus Christi 1991, writ denied). 
An independent administration is considered closed when the debts have been paid to the extent
possible, any remaining property has been distributed to the persons entitled thereto, and there is
no more need for administration. Id. This closing may be memorialized by filing an affidavit
under section 151 of the Probate Code with the probate court. Tex. Prob. Code Ann. § 151; see
Burke, 525 S.W.2d at 953 (“Section 151 is purely administrative in nature, providing simply a
method whereby the closing of an independent administration can be made a matter of record.”).
      Section 151 establishes the requirements for the contents of the affidavit. The final account
must list the property of the estate which came into the hands of the independent executor; the debts
paid and those, if any, still owed; the property, if any, remaining on hand after the payment of the
debts; and the names and residences of the persons to whom the remaining property has been
distributed. Tex. Probate Code Ann. § 151(a); See Estate of Hanau, 806 S.W.2d at 903. The
filing of this affidavit terminates the independent administration and the power and authority of the
independent executor. Tex. Prob. Code Ann. § 151(b);Estate of Hanau, 806 S.W.2d at 903. 
However, the independent executor remains liable for any mismanagement of the estate or for any
false statements contained in the affidavit. Tex. Prob. Code Ann. § 151(b);Estate of Hanau, 806
S.W.2d at 903. Furthermore, those persons having dealings with the estate or claims against the
estate must deal directly with the distributees after the affidavit is filed. Tex. Prob. Code Ann.
§ 151(b); Estate of Hanau, 806 S.W.2d at 903.
      Section 151 does not provide “the probate court with the power to look to the substance of the
accounting in an effort to determine whether it is accurate or whether the executor has properly
administered the estate.”


 Burke, 525 S.W.2d at 953; Estate of Hanau, 806 S.W.2d at 904. 
Rather, the court only reviews the face of the accounting to determine whether the document filed
complies with section 151(a). Id. at 904. If the accounting contains false statements or the estate
has been mismanaged, then the heirs, beneficiaries, or other interested parties of the estate may
seek a remedy by way of a suit against the independent executor. Id.
      Pursuant to Section 151, the final accounting must be verified by affidavit. Tex. Prob. Code
Ann. § 151(a). “Unless authorized by statute, an affidavit is insufficient unless the allegations
therein are direct and unequivocal and perjury can be assigned upon it.” Burke, 525 S.W.2d at
955; State ex rel. Driscoll v. Lindsay, 877 S.W.2d 856, 857 (Tex. App.—Houston [1st Dist.] 1994,
writ denied). In this case, Kanz verified the final accounting by declaring it to be “a true and
complete statement of the final accounting of the estate to the best of my knowledge and belief.” 
This affidavit fails to positively and unqualifiedly represent the facts as disclosed in the accounting
and provide a basis upon which perjury could be assigned. Therefore, the final accounting failed
to terminate the estate because the affidavit does not meet the requirements of section 151 on its
face. See Estate of Hanau, 806 S.W.2d at 903-4.
      An independent administration may also close when the administration is complete and there
is no further need to administer the estate. No further administration is needed when the
independent executor has paid all the debts of the estate and distributed any remaining estate
property to the persons entitled thereto. The crux of the dispute in this case centered on a 17.05
acre tract of land on which the decedent’s homestead and barn were located. Although the decedent
had this area under fence for more than 60 years, he was never deeded title to the land. 
Additionally, Kanz, as independent executor, failed to correct a mistake in a deed executed by the
decedent in 1934 which conveyed the wrong 4.5 acre tract. Disregarding these defects, Kanz
attempted to close the estate by distributing only the land to which the decedent held legal title. 
However, this attempt failed to distribute the property that contained the decedent’s homestead and
barn. Under these facts, the independent administration was not complete and needed to be
administered further so that the property on which the decedent’s homestead and barn stood could
be distributed to his heirs.
      Because the independent administration of the decedent’s estate had not terminated due to the
filing of a proper section 151 accounting or the complete administration of the estate, we review
whether the petition for an accounting and distribution, the motion to remove and replace the
independent executor and the motion to recover compensation were properly filed in the district
court. “District courts have jurisdiction over only those probate matters transferred by a
constitutional county court according to a motion—unless jurisdiction is otherwise specifically
conferred upon [them] by law.” Eppenauer v. Eppenauer, 831 S.W.2d 30, 34 (Tex. App.—El
Paso 1992, no writ).
      The proceeding for an accounting and distribution may be brought in the county court if the
county judge is licensed to practice law in the State of Texas or may be brought in a statutory
probate court, a county court at law with probate jurisdiction, or a district court of the county. 
Tex. Prob. Code Ann. § 149B(a) (Vernon Supp. 1997). We take judicial notice that the County
Judge of Bosque County was not, and is not, a licensed attorney. Tex. R. Civ. Evid. 201(b). 
Thus, the petition for an accounting and distribution in this case was properly filed in the district
court.
      Either a district court or a county court has original jurisdiction over an action to remove an
independent executor. Tex. Prob. Code Ann. § 149C(a); Eppenauer, 831 S.W.2d at 34. Thus,
the district court had the jurisdiction to consider the timely filed motion to remove and replace Kanz
as the independent executor.
      The Probate Code does not address the issue of recovering compensation paid to an
independent executor. However, a court can deny an independent executor compensation when the
court finds the executor has not taken care of and managed estate property prudently or the executor
has been removed under section 149C. Tex. Prob. Code Ann. § 241(a) (Vernon Supp. 1997). 
We conclude that the motion to recover compensation paid to the independent executor is ancillary
with the motion to remove the independent executor. See Geeslin v. McElhenney, 788 S.W.2d 683,
687 (Tex. App.—Austin 1990, no writ) (In addition to removing independent executor, court
ordered him to repay commissions previously paid to him.). Thus, when a motion is filed in
district court to remove an independent executor, the district court also has jurisdiction to determine
whether any compensation paid to the executor should be reimbursed.
      Finally, we determine whether any error occurred when the county court transferred the entire
probate proceeding to the district court. “[Section 4 of t]he Probate Code vests general probate
jurisdiction in the constitutional county courts.” Palmer v. Coble Wall Trust Co., 851 S.W.2d 178,
180 n.3 (Tex. 1992). However, the county court may on its own motion or shall on the motion of
any party to the proceeding transfer the contested portion of the proceeding to the district court. 
Tex. Prob. Code Ann. § 5(b) (Vernon Supp. 1997). The county court then continues to exercise
jurisdiction over the management of the estate with the exception of the contested matter until final
disposition of the contested matter is made by the district court. Id. Upon resolution of all pending
contested matters, that portion of the probate proceeding is transferred by the district court back
to the county court for further proceedings consistent with the orders of the district court. Id.
      The county court did not err in transferring the entire probate proceeding to the district court. 
The only contested matter and the only issue remaining before the county court was whether the
estate had closed by Kanz’s filing a final accounting. In other words, the contested closing of the
estate encompassed the entire proceeding in the county court. Therefore, no error occurred as the
result of this transfer.
      Because the district court had jurisdiction over the petition for accounting and distribution, the
motion to remove and replace the executor, the motion to recover compensation paid to the
executor and the contested portion of the proceeding transferred from the county court, the district
court did not err in overruling Kanz’s plea to its jurisdiction. We overrule the fourth point.
      Kanz’s second point complains that the court erred “in appointing a ‘representative’ to perform
an exchange contract signed by only one of [the] nine [heirs].” This exchange contract related to
correcting a title defect of property possessed by the estate. As noted above, the estate did not have
a deed to the 17.05 acres of land on which the decedent’s homestead and a barn were located. The
decedent did receive a deed in 1934 for 4.5 acres of the land which he thought was contiguous with
his large tract of land and constituted a part of the 17.05 acre tract. During the administration,
however, it was discovered that the deed actually conveyed a different 4.5 acre tract not adjacent
to the decedent’s land. When Kanz failed to remedy these title defects, Joe V. Kanz (“Joe”)
entered into an agreement with the adjoining landowners to correct the title defects. By an “interim
order,” the court confirmed the agreement previously executed by Joe and appointed Joe to execute
warranty deeds from the estate to the adjoining landowners to correct the defects.
      Kanz did not object when the court announced its decision to appoint Joe as its “representative”
at the conclusion of the trial. The court stated: 
And I don’t think there’s any objection from any of the parties that are before this Court
that the Court shouldn’t go ahead and do that, so if you have got any objection, Mr.
Robertson, you need to let us know about that, because I expect to enter an order
authorizing Joe Kanz to get that accomplished A.S.A.P. and thereafter then to further
proceed in this case in accordance with the matters that ya’ll will submit by way of your
letter briefs.
 
The remarks of counsel and of the court suggest that the issues the parties intended to address in
their letter briefs were whether Kanz had effectively resigned or closed the estate and how
executor’s fees and attorney’s fees were to be assessed. 
      Kanz prefaced his letter brief thus: 
Because there are several issues involved in this case, it seems better to start this
discussion with some assumptions.
 
1.Since this Court has assumed jurisdiction of this matter and has consolidated the
partition action under Probate Code § 429b with the transferred probate case from
County Court, we must assume that the Court considers the Estate of Andrew Kanz
to be open.
 
2.If the estate is still open, then Jack Kanz is still the executor unless he is removed.
3.If there is an Executor, the petition under Probate Code § 149B permits the Court to
order the Executor to partition the property. It does not appear to allow the Court to
appoint or order anyone other than the Executor to deal with estate assets.
      Kanz then identified three “issues” in the brief. He argued that no pleadings or evidence
support his removal as independent executor, that his compensation had already been finally
determined by the county court, and that under the pleadings and evidence before the court,
attorney’s fees were not authorized by the Probate Code. Kanz did not object to Joe’s appointment
in the letter brief.
      The court’s interim order clearly states that Joe was not appointed as an alternate executor and
clearly did not remove Kanz as independent executor. Neither did the court purport to remove
Kanz as independent executor in its final order.
      In Kanz’s reply to Joe’s post-trial brief, Kanz continued to object that the pleadings and proof
do not support his removal as independent executor. As stated above however, the court’s orders
never purported to remove Kanz from that position.
      Finally, in Kanz’s motion for new trial, he complained that “[t]here were no pleadings or proof
from which the court could ‘clear the title’ to any real property.”
      Rule 52(a) of the Rules of Appellate Procedure, which was in effect when the parties tried this
cause, provides that a party must make a timely and specific objection before he can present an
issue for appeal. Tex. R. App. P. 52(a), 49 Tex. B.J. 573 (Tex. 1986, repealed 1997).


 Assuming
for the sake of argument that Kanz’s letter brief can be considered timely, he failed to voice a
specific objection in the brief to the court’s action appointing Joe. Rather, Kanz complained that
the court could not remove him as independent executor.
      Assuming that Kanz’s motion for new trial can be considered a timely complaint, Kanz
complained that the pleadings and evidence did not authorize the court to clear the title to the
property. Kanz concedes in his brief that the pleadings and evidence established the existence of
a title defect. He argues, however, that the court could not act to correct the defect without the
joinder of the adverse claimants. This argument lacks merit, however, because the court’s order
merely authorized Joe to execute warranty deeds conveying property for which the decedent held
legal title to the adjoining landowners pursuant to the agreement already reached between Joe and
the landowners. The court did not purport to exercise jurisdiction over the adjoining landowners
or take any action adverse to their rights.
      Kanz’s motion for new trial, like his former pleadings, did not challenge Joe’s authority to act
in the capacity in which the court appointed him. Thus, Kanz failed to object even in his motion
for new trial to Joe’s appointment.
      Therefore, because Kanz failed to specifically object to the court’s appointment of Joe, we
conclude that Kanz has failed to properly preserve this claim. See St. Paul Surplus Lines Ins. Co.
v. Dal-Worth Tank Co., 917 S.W.2d 29, 45-46 (Tex. App.—Amarillo 1995, no writ); Borden, Inc.
v. Guerra, 860 S.W.2d 515, 526 (Tex. App.—Corpus Christi 1993, writ dism’d by agr.).
      Accordingly, we overrule Kanz’s second point.
      Kanz’s first point alleges that the trial court erred by failing to file findings of fact and
conclusions of law as requested. The trial court has a mandatory duty to file findings of fact and
conclusions of law if they are properly requested. Cherne Industries, Inc. v. Magallanes, 763
S.W.2d 768, 772 (Tex. 1989); Zieba v. Martin, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th
Dist.] 1996, no writ). If the trial court fails to respond, harmful error is presumed, “unless ‘the
record before [the] appellate court affirmatively shows that the complaining party has suffered no
injury.’” Cherne, 763 S.W.2d at 772 (quoting Wagner v. Riske, 142 Tex. 337, 343, 178 S.W.2d
117, 120 (1944)). Conversely, “[e]rror is harmful if it prevents an appellant from properly
presenting a case to the appellate court.” Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996). In
other words, “[a]n appellant is harmed if there are two or more possible grounds on which the
court could have ruled and the appellant is left to guess the basis for the trial court’s ruling.” 
Zieba, 928 S.W.2d at 786. “The proper remedy in that situation is to abate the appeal and direct
the trial court to correct its error.” Zieba, 928 S.W.2d at 786; Tex. R. App. P. 44.4(b).
      After trial, Kanz filed a timely request for findings of fact and conclusions of law pursuant to
Rule of Civil Procedure 296. Tex. R. Civ. Proc. 296. Kanz later submitted a notice of past due
findings and conclusions. Id. 297. Notwithstanding that the trial court failed to file its findings
and conclusions, Hood claims Kanz suffered no harm from this failure because the basis of the trial
judge’s ruling is apparent from the record and the trial judge sent both parties a letter announcing
the reasons for his judgment. This letter was filed with the clerk approximately three and one-half
months before the final order was signed.
      A letter from the trial court announcing the judgment of the court does not constitute a formal
answer to a request for findings of fact and conclusions of law. See Edmonds v. Metreco, Ltd., 624
S.W.2d 380, 381 (Tex. App.—Fort Worth 1981, no writ); contra Schlobohm v. Schapiro, 759
S.W.2d 470, 474 (Tex. App.—Dallas 1988), overruled on other grounds, 784 S.W.2d 355 (Tex.
1990); Villa Nova Resort, Inc. v. State, 711 S.W.2d 120, 124 (Tex. App.—Corpus Christi 1986,
no writ). Although a letter may satisfy the ultimate purpose of the rules relating to findings and
conclusions by informing the parties of the basis for the court’s judgment, it circumvents the
specific procedures set out in the Rules of Civil Procedure. Tex. R. Civ. P. 296-299a. For
example, if a party wishes the court to make additional or amended findings it must request these
findings “within ten days after the filing of the original findings and conclusions by the court.” 
Id. 298. If the letter in this case qualifies as findings of fact and conclusions of law, Kanz’s
opportunity to request additional or amended findings and conclusions expired approximately three
months prior to the filing of the judgment. Furthermore, findings of fact must “be filed with the
clerk of the court as a document or documents separate and apart from the judgment.” Id. 299a. 
Thus, we conclude that the prejudgment letter from the trial court informing the parties of its
decision in this case does not qualify as a substitute for findings of fact and conclusions of law
under the Rules of Civil Procedure.
      “Findings of fact and conclusions of law need not be in any particular form other than that they
must be in writing” and filed with the clerk so as to be part of the record. Villa Nova Resort, Inc.,
711 S.W.2d at 124; Schlobohm, 759 S.W.2d at 474. Although the prejudgment letter from the trial
court informing the parties of its judgment fails as a substitute for findings of fact and conclusions
of law in this case, not every letter from the court will necessarily fail to constitute findings and
conclusions substantially in accordance with the Rules of Civil Procedure. A letter from the trial
court that responds to a request for findings and conclusions may suffice.
      Even without considering the court’s letter in this case, we find the record before us
affirmatively shows that Kanz suffered no injury. See Tenery, 932 S.W.2d at 30; Cherne, 763
S.W.2d at 772. Kanz has been able to effectively present his appeal to this Court. See Tenery, 932
S.W.2d at 30. Therefore, Kanz’s first point is overruled.
      In his third point, Kanz argues that the evidence is legally and/or factually insufficient to
support the district court’s award of attorney’s fees to Hood under section 245 of the Probate Code. 
Based upon Hood’s pleadings however, the district court could have awarded attorney’s fees under
either section 245 or section 149C of the Probate Code. See Tex. Prob. Code Ann. §§ 149C, 245
(Vernon 1980 & Supp. 1997). 
      Hood sought by their pleadings, among other relief, Kanz’s removal as independent executor. 
Counsel for Hood testified regarding the services he rendered in connection with the suit against
Kanz. He stated his belief that $4,425.00 is a reasonable fee for the services rendered. The court
“found” in its order that Hood is entitled to attorney’s fees and that Kanz should pay Hood’s
attorney’s fees of $4,425.00. The court ordered that Hood recover attorney’s fees of $4,425.00
from Kanz, to be paid out of Kanz’s share of the proceeds from the sale of 181.79 acres of land
belonging to the estate. The court did not specify a statutory basis for the award of attorney’s fees.
      When we decide a “no evidence” point, we consider only the evidence and inferences which
tend to support the contested issue and disregard all evidence and inferences to the contrary. 
Havner v. E-Z Mart Stores, Inc., 825 S.W.2d 456, 458 (Tex. 1992). We must uphold the verdict
if we find any probative evidence supporting the issue. Southern States Transp., Inc. v. State, 774
S.W.2d 639, 640 (Tex. 1989).
      A factual sufficiency challenge requires us to consider and weigh all the evidence. Dyson v.
Olin Corp., 692 S.W.2d 456, 457 (Tex. 1985); In re King’s Estate, 150 Tex. 662, 664-65, 244
S.W.2d 660, 661 (1951). We will set aside the verdict only if it “is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.” Dyson, 692 S.W.2d at
457.
      Section 149C applies specifically to independent executors, while section 245 applies to
personal representatives in general. Thus, we must determine whether subjecting an independent
executor to section 245 unnecessarily interferes with the independent executor’s right to be free of
court supervision during the settling of the estate. See Tex. Prob. Code Ann. § 3(aa) (Vernon
Supp. 1997). Section 245 allows attorney’s fees to be assessed against a personal representative
and his sureties in removing him as independent executor or in obtaining his compliance regarding
any statutory duty he has neglected. Id. § 245 (Vernon Supp. 1997). The recovery of attorney’s
fees for the removal of an independent executor is not necessary under section 245 because it is
specifically provided for in section 149C. Additionally, if a court orders an independent executor
to perform a duty, then it interferes with the independent executor’s freedom to act without court
supervision.
      When a decedent chooses a party he trusts to manage his estate without court supervision, the
courts should give great deference to that party’s actions on behalf of the decedent. Because the
probate court was not authorized to supervise the independent executor in the settling of this estate,
it also could not award attorney’s fees under section 245 to a party seeking such unauthorized court
supervision. This is not to say that an independent executor has no duty to carefully manage the
estate. Rather, the remedy for the independent executor’s mismanagement or abuse of office is to
seek his removal under section 149C.
      Section 149C permits the recovery of costs and expenses incurred by the party seeking removal
of an independent executor appointed without bond, including reasonable attorney’s fees, from the
estate. Tex. Prob. Code Ann. § 149C(d) (Vernon Supp. 1997). However, the court cannot tax
attorney’s fees against an independent executor personally in such an action. See Garcia v. Garcia,
878 S.W.2d 678, 681 (Tex. App.—Corpus Christi 1994, no writ); see also Tex. Prob. Code Ann.
§ 149C(c) (Vernon 1980) (independent executor can recover from estate attorney’s fees reasonably
incurred in defending himself in good faith in action seeking his removal).
      In this case, the district court ordered Hood’s attorney’s fees to be paid from Kanz’s portion
of estate distributions. This is tantamount to taxing the fees against Kanz personally, which the
court cannot do. See Garcia, 878 S.W.2d at 681. Thus, we conclude that the court erred in taxing
attorney’s fees in this manner.
      Kanz did not controvert the testimony of Hood’s counsel regarding the reasonable value of the
services he rendered in connection with this suit. We conclude that counsel’s testimony constitutes
some probative evidence supporting an award of attorney’s fees. See Southern States Transp.,
774 S.W.2d at 640. Thus the award is supported by legally sufficient evidence. We also cannot
say that the court’s award of attorney’s fees is contrary to the overwhelming weight of the
evidence. Dyson, 692 S.W.2d at 457. Thus, we conclude the evidence is legally and factually
sufficient to support the award. Because Hood presented sufficient evidence to support an award
of attorney’s fees, we overrule Kanz’s third point in part. Because the court improperly assessed
the fees against Kanz individually, we sustain his third point in part.
      The court improperly taxed the attorney’s fees against Kanz individually. Accordingly, we will
reform that portion of the judgment which taxes Hood’s attorney’s fees against Kanz. We will
reform the judgment by deleting the court’s “finding” that Kanz should pay the attorney’s fees and
by deleting the portion of the order decreeing that Hood recover the attorney’s fees from Kanz to
be paid from Kanz’s share of the proceeds from the sale of the 181.79 acre tract.
      We order that Hood recover the attorney’s fees of $4,425.00 from the proceeds of the sale of
the tract prior to the distribution of the net proceeds to the devisees of Andrew Kanz, Jr.
      We affirm the judgment as reformed.
 
 
                                                                                 REX D. DAVIS
                                                                                 Chief Justice
 
Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Judgment affirmed as reformed
Opinion delivered and filed October 15, 1997
Do not publish