**ETTER et al. v. TUCK.**

No. 12187.

Court of Civil Appeals of Texas. Dallas.

Feb. 22, 1936.

Rehearing Denied March 14, 1936.

O. H. Woodrow, of Sherman, for appellants.

Jas. D. Buster, of Sherman, for appellee.

Jot Horton, of Sherman, amicus curiæ.

LOONEY, Justice.

This appeal is by Henry Etter and L. A. Knowles from a temporary injunction granted upon the application of L. M. Tuck, in his capacity as independent executor of the estate of J. L. Burleson, deceased, enjoining Etter in his capacity as trustee in a deed of trust securing a note for $2,300, from selling certain real estate under the deed of trust, and enjoining Knowles, owner and holder of the note and deed of trust, from in any manner attempting to have the real estate sold under the deed of trust, subject to the future orders of court.

The material propositions urged by appellants for reversal are that the court erred in granting the temporary injunction, because the statute relating to the classification of claims and the order of payment is not applicable where, as in the instant case, the estate is administered by an independent executor; because the application for injunction fails to show by affirmative allegations that the claims described, as of the "first and second classes," have precedence over the lien claim, the enforcement of which is sought to be enjoined, the conclusions of the pleader to that effect being insufficient; because the application fails to show by affirmative allegations that the estate owns no property other than the real estate in question that could be used to pay the first and second-class claims; and the allegation that the sale of the real estate under the trust deed, sought to be enjoined, will prevent payment by the executor of the first and second-class claims, being simply the conclusion of the pleader, is insufficient in view of the rule of pleadings applicable to injunction suits.

The relevant portions of appellee's application for injunction read: "Petitioner would show to the Court that in this con-. nection that the estate does not have now and has not had since the death of the said J. L. Burleson sufficient funds with which to pay the first and second class claims, that none of the expenses incident to the last sickness of the deceased, including physician, medical and funeral expenses have been paid, neither has there been any attorney fee for legal services rendered in connection with the preservation and proper management of said estate, paid. That all of the first and second class claims are still past due and unpaid and no funds are on hand by which executor may pay the same. * * * Petitioner would respectfully show to the Court that he has no adequate legal remedy with which to prevent the trustee's sale of said property on November 5, 1935, and that if said property is sold at said time and place that it will jeopardize and damage materially other creditors of said estate and will prevent the payment by said executor of the first and second class claims which under the law should be paid first out of the proceeds of said property and that the creditors and beneficiaries of said estate will suffer irreparable injury if said sale is permitted to take place at the time and place advertised in said notice, to-wit, November 5, 1935. Petitioner further shows to the Court that if said property is sold at this time that economic conditions are such that it would not bring enough to even pay the first and second class claims and would therefore substantially injure the defendant L. A. Knowles and all of the other creditors."

We think the petition sufficiently alleged the existence of first, second, and third-class claims. Besides, the statute (article 3531, Rev.St.1925, as amended by Acts 1931, c. 234, § 1 [Vernon's Ann.Civ. St. art. 3531]) classifying claims must be considered in connection with the allegations of the petition. The word "fund" used in the petition, in its broad meaning, includes property of every kind, and the term "insolvency," in its general sense, denotes an insufficiency of the entire property and assets to pay debts. Plaintiff's allegations being to the effect that the estate does not have property of any kind (other than the real estate in question) sufficient to pay the first and second-class claims, it follows that the real estate security for the note must be resorted to, hence sale of same under the powers of the trust deed would divest the estate of title, with the result that the priority giv-

en by statute to first and second-class claims would be defeated.

■ Even if it could be said that the petition is defective in the respects as contended by appellants, still the temporary injunction should not be dissolved, in that the pleading sufficiently indicates the existence of a real controversy which could be fully stated in an amended petition. The granting or refusing of a temporary writ is a matter resting largely within the sound discretion of the trial court, and its action in this respect is not reviewable, unless an abuse of discretion clearly appears; especially is this true where, as in the instant case, it is manifest that the dissolution of the injunction would render futile a trial of the controversy on its merits. City of Dallas v. Fry (Tex.Civ.App.) 263 S.W. 653, and authorities therein cited.

■ The rules of law that, in our opinion, control the disposition of this case were clearly and tersely stated, with citation of authorities, by Chief Justice Gallagher, in Alexander v. Berkman (Tex.Civ. App.) 3 S.W.(2d) 864, 870 (writ refused), as follows: "Appellee stresses the fact that Berkman was an independent executor and that the estate of Mrs. Thomas was not being administered in the probate court. An independent executor is not a law unto himself. His 'independence' consists largely in his right in the administration of such estate to do without an order of the county court every act which he could do with such an order, were he acting under the control of such court. Dwyer v. Kalteyer, 68 Tex. 554, 563, 5 S. W. 75; Ellis v. Howard Smith Co., 35 Tex.Civ.App. 566, 80 S.W. 633, 634 (writ refused). His management of the estate is an 'administration' of the same in contemplation of the law, and for some purposes the estate remains all the while under the jurisdiction of the county court probating the will under which he is acting. Roy v. Whitaker, 92 Tex. 346, 355, 48 S.W. 892, 49 S.W. 367. An independent executor is required to conform to the provisions of our probate laws as far as applicable. R.S.1925, art. 3449. It is his duty to pay the debts of the testator and expenses of administration in the order of priority prescribed by articles 3531–3533 of the Revised Statutes 1925. If he does not do so, any creditor holding an unpaid debt against the estate may, after the expiration of one year, enforce payment thereof by suit against him and by a levy of execution on the property of the estate remaining in his hands. R.S.1925, article 3437. This statute, however, presupposes the solvency of the estate, and cannot be invoked to give one creditor a preference over another of the same or higher class, contrary to the provisions of said articles of the statute, when the estate is insolvent. Farmers' & Merchants' Nat. Bank v. Bell, 31 Tex.Civ.App. 124, 71 S.W. 570 (writ refused)."

■ In an independent administration, a lien creditor is not without remedy, as he is permitted to appeal for relief to the probate court, as in other administrations, and may pursue all remedies the law affords, statutory or otherwise, for the protection of his interests.

We find no reversible error, hence affirm the judgment of the court below.

Affirmed.