**Carol Gladys COLLINS, Relator,**

v.

**The Honorable Ann BAKER, Judge, County Court at Law of Walker County, Respondent.**

No. C14–92–00102–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 12, 1992.

Edelmira N. Holland, Houston, for relator.

James Haggard, Huntsville, for respondent.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

OPINION

ROBERTSON, Justice.

Relator seeks issuance of a writ of mandamus compelling the respondent, Judge Ann Baker, Judge of the County Court at Law of Walker County, to vacate her orders which unlawfully prohibit the independent executrix from executing her statutory duties as provided for in the decedent's last will and testament and as required by the Texas Probate Code. We conditionally grant the writ.

Relator filed a motion requesting this court to strike certain exhibits attached to respondent's answer to the petition for writ because they were not properly authenticated. While the exhibits were not a factor in, nor necessary for, the disposition of this case, we agree with relator that the exhibits are not properly authenticated and, accordingly, we grant the motion.

In his last will and testament Thomas H. Pegoda, decedent, appointed his daughter, Carol Gladys Collins (relator) independent executrix of his estate to serve without bond and to manage his estate free from court control, other than the probating and recording of his will and the return of an inventory, appraisement and list of claims. Following his death, relator filed her oath on September 18, 1990, and on December 27, 1990, an order of the county court approved the inventory, appraisement and list of claims prepared by the independent executrix.

The primary asset of the estate is a promissory note dated June 6, 1989, in the

original principal sum of $80,000.00, payable to the order of Thomas H. Pegoda, in semi-annual installments of $10,000.00 each plus accrued interest, secured by a vendor's lien covering approximately 162 acres of land, and executed by Willard and Eleanor Noland (Noland note). The first installment was due January 10, 1990, and all succeeding installments were due and payable on or before the 10th day of each July and January thereafter until fully paid.

On June 18, 1991, Mrs. Iva Haynes (real party in interest), who is a beneficiary under the will, filed a motion to show cause against the relator to have the July 10, 1991, note payment deposited into the registry of the court. In the motion Haynes alleged that absent a court order, waste and unnecessary delay would occur. Following a hearing on July 8, 1991 the court granted Haynes's motion regarding the July 1991 payment, and the relator delivered the note payment to the court clerk. Thereafter, on July 10, 1991, respondent signed a document entitled "Notice To Willard Noland And Wife Eleanor Noland," which ordered the Nolands to pay the July 10, 1991 payment and all future payments into the registry of the court.

Subsequently, relator requested that the funds in the registry be withdrawn to pay the decedent's income taxes due. The clerk of the court disbursed $849.28 to pay penalties and interest due on the estate's income tax return. The IRS later refunded $753.01. After disbursing $2,500.00 to Haynes as provided for in the will, there remained in the registry of the court the sum of $4,996.61.

Thereafter, relator was served with a "Motion for Disbursement of Funds" filed by Haynes. On January 24, 1992, respondent granted the motion in part and ordered: (1) the independent executrix to pay Dr. Blalock approximately $1,500 from the January 10, 1992 installment payment; (2) the balance of the January payment deposited into the registry of the court; (3) the United States Treasury check in the sum of $753.01 deposited into the registry of the court; (4) the clerk to pay Iva Haynes, as a beneficiary under the decedent's will, as a

partial distribution of estate assets, the sum of $4,996.61 from the funds on deposit in the registry of the court. Relator asserts that respondent unlawfully assumed control and authority over the administration and distribution of decedent's estate by the orders she signed on July 10, 1991 and January 24, 1992. We agree.

■ Independent administrations are provided for by section 145(b) of the Probate Code, providing:

Any person capable of making a will may provide in his will that *no other action shall be had in the county court in relation to the settlement of his estate* than the probating and recording of his will, and the return of an inventory, appraisement, and list of claims of his estate.

TEX.PROB.CODE ANN. § 145(b) (Vernon 1980) (emphasis added). The purpose of this restraint upon the county court is to free the independent executor from judicial supervision and to effect the distribution of an estate with a minimum of cost and delay. *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex.1975); *Sweeney v. Sweeney*, 668 S.W.2d 909 (Tex.App.—Houston [14th Dist.] 1984, no writ). As long as the estate is represented by an independent executor, further action of any nature should not be had in the court except where the Code specifically and explicitly so provides. *Bunting v. Pearson*, 430 S.W.2d 470 (Tex. 1968). *See also* TEX.PROB.CODE ANN. § 145(h) (Vernon 1980).

Sections 149B and 152 of the Probate Code do provide for some judicial supervision in the distribution of an estate. However, section 149B only allows court action after the expiration of two years from the date that an independent administration is created, and section 152 only allows court action when the estate is fully administered; thus, neither section applies to the present case.

■ We find no provision in the Probate Code authorizing the orders entered by respondent on July 10, 1991 and January 24, 1992. These orders wrongfully permitted the court to assume control, management and settlement of the estate, which is clear-

ly against the intent of the decedent. In fact, by requiring the note payments to be paid into the registry of the court, respondent has in effect converted decedent's estate from an independent administration into a dependent administration. Respondent's orders prevented the independent executrix from exercising her statutory authority to manage and settle the estate independently of the court. The trial judge clearly abused her discretion.

While it appears that this estate should be closed, and that may have been the motivation for respondent's actions, such orders are not statutorily authorized. We find that respondent's July 10, 1991 and January 24, 1992 orders are void and, accordingly, conditionally grant the writ of mandamus. We are confident Judge Baker will vacate her orders. Should she refuse to do so, the writ will issue.