**Connie GARCIA, Independent Executrix of the Estate of Federico Alfonso Garcia, Deceased, Appellant,**

v.

**Valdemar GARCIA, Former Executor of the Estate of Francisco Alfonso Garcia, Deceased, Appellee.**

No. 13–92–584–CV.

Court of Appeals of Texas, Corpus Christi.

June 16, 1994.

Tom Fleming, Atlas & Hall, Brownsville, for appellant.

Hector Yznaga, Brownsville, for appellee.

Before KENNEDY, DORSEY, and
FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

KENNEDY, Justice.

Appellant seeks reversal of the probate court's rejection of her application to surcharge certain expenses, fees, and costs of an estate against appellee, the former executor of the estate. She raises six points. We affirm in part, but reverse and remand most of the case.

Francisco Garcia died in 1976. His son Federico Garcia was the independent executor of the estate until his death in 1980. During Federico's tenure, his sister Dora Cisneros was appointed temporary administrator while attempting to cancel property deeds from Francisco to Federico. She prevailed after Federico's death.

Appellant Valdemar Garcia, also Francisco's son, was appointed successor executor in 1981. In 1983, Valdemar redeemed some United States Savings Bonds issued in Francisco's name. He deposited the proceeds in Francisco's estate's checking account. In 1986, he paid to himself from the checking account the amount of the bonds plus interest. He maintains that Francisco gave him the bonds as a gift, though he never changed the name on the bonds.

The administration of the estate dragged on through the 1980s. Valdemar filed only one accounting—in 1986, and only when prompted by the application to compel an accounting and distribution filed by appellant Concepcion (Connie) Garcia, independent executor of her husband Federico's estate. The accounting did not balance.

In 1990, Connie applied to remove Valdemar as executor. After a hearing, the court removed Valdemar, citing his failures to timely file accurate estate tax and fiduciary income tax returns, to timely pay ad valorem taxes or estate taxes, and to make a final settlement. The court found Valdemar guilty of gross misconduct and gross mismanagement in the performance of his duties. The court appointed Alfredo Padilla as successor administrator of the estate. The court ordered Valdemar to deliver all assets and records of the estate to Padilla. The court ordered Padilla to file an inventory and an accounting of the estate.

Padilla eventually filed both reports in February 1992, but not before Connie had applied in late 1991 to remove him for his failure to file the required reports. In February 1992, the court heard the objections to the accounting and the applications to pay Valdemar for his work as executor; to pay Valdemar's attorney for fees incurred defending the will, probating the will, and defending Valdemar's post as executor; and to pay Connie's attorney. The court granted the motions of both parties for attorneys' fees and of Valdemar for payment as executor. The court found that Valdemar defended the action for his removal in good faith.

Connie then filed this application for surcharge against Valdemar, believing that Padilla had not been using his best efforts to administer the estate or to pursue Valdemar to recover losses the estate sustained during Valdemar's tenure. On June 23, 1992, the court heard the application. Valdemar was the only witness, and he testified only as to the disposition of the bonds. He brought to the hearing several cancelled checks, which his attorney represented justified some expenditures, and handed them to Padilla; the checks were not offered or admitted into evidence. The court rejected the application entirely on July 7, 1992. Pursuant to Connie's request, the court on August 7, 1992 filed the following findings of fact and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The following are general findings of fact taken from the existing documents, pleadings, and other matters on file along with the testimony and evidence which has been produced in Court:

1. Hearing held on application to surcharge former executor Valdemar Garcia on June 23, 1992.

2. Movant's attorney Tom Fleming argued his application to Surcharge For-

mer Executor Valdemar Garcia and did not otherwise present evidence.

3. At the conclusion of Movant's argument attorney for former executor Hector Yznaga moved the Court to deny Application for lack of evidence.

4. Court denied Former Executor's motion to deny Movant's application to surcharge former Executor Valdemar Garcia.

5. Former Executor Valdemar Garcia testified that although things may not have been done properly, he did not otherwise steal or take anything that did not belong to him.

### CONCLUSIONS OF LAW

Applicant To Surcharge Former Executor Valdemar Garcia failed to produce evidence and did not otherwise controvert evidence introduced by former Executor, therefore, all relief prayed by applicant is denied.

Connie filed a cost bond on October 2, 1992.

Connie appeals by six points, contending that the court erred in failing to surcharge Valdemar for the following amounts:

1. estate funds expended for which no receipts or vouchers were produced;

2. estate funds expended in payment of attorney's fees to Hector Yznaga for defense of Cisneros's suit to set aside the deeds;

3. the savings bonds plus interest;

4. the penalties and interest incurred by his untimely filing and payment of estate and income taxes;

5. attorney's fees unnecessarily incurred by his failure to properly manage and timely close the estate;

6. attorney's fees awarded to Connie's attorneys accrued in the application to remove him as executor.

We sustain the first four points. We sustain in part and overrule in part as to point five. We overrule point six.

■ The court's "Conclusions of Law" show that it mislaid the burden of proof in considering this application. When estate administrators or executors fail to file the proper inventories and accountings, they bear the burden to prove the validity of charging the estate with the expenses. *See Gulf Ins. Co. v. Blair*, 589 S.W.2d 786, 788 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *see also Scott v. Taylor*, 294 S.W. 227, 230 (Tex.Civ.App.—Amarillo 1927, no writ). There is no dispute that Valdemar only filed a required annual accounting once during his nine-plus years as executor. He, not Connie, bore the burden to justify the expenses. The court's misplacement of the burden is critical, particularly on issues on which no evidence was received.

■ Based on the record before us, we can render neither for nor against appellant on her first four points. The burden is on the appellant to present a record sufficient to require reversal. Tex.R.App.P. 50(d). The appellant has discharged that burden to the extent of gaining reversal. Appellee, however, did not have the opportunity to designate the record in accord with our realignment of the burden of proof from that used by the trial court. Because of the extended and somewhat disjointed nature of these probate proceedings, we find that our normal inclination to make the parties live with their record designation choices and to render on the record before us is inappropriate. The error therefore requires remand. We reverse and remand as to points one through four.

■ We deny remand of certain attorney's fees issues under points five and six. The court, in its February 1992 award of attorney's fees to both Valdemar and Connie, found that Valdemar defended the removal action in good faith. Under the code, the estate had to pay his attorney's fees. Tex. Prob.Code Ann. § 149C(c) (Vernon 1980). We do not remand any issues under point five relating to Valdemar's attorney's fees incurred in the removal proceeding. We remand as to all other attorney's fees under point five.

■ We deny remand on all issues under point six, under which Connie seeks to surcharge Valdemar for the estate funds used to remove him. The code allows the estate to pay the attorney's fees of the challenger. Tex.Prob.Code Ann. § 149C(d) (Vernon

Supp.1994). We find that the court's ruling that Valdemar fought the removal action in good faith defeats any attempt to charge him personally with the fees incurred to unseat him. The legislature determined that the estate can be liable for the attorney's fees of both sides of an action to remove an executor that is defended in good faith. Surcharging the removed executor with the challenger's attorney's fees would subvert the legislature's clear support of executors who defend challenges in good faith. Because the finding of good faith was not challenged, we overrule point six.

We affirm the court's denial of the portions of the application relating to the attorney's fees incurred by both sides in adjudicating the application to remove Valdemar as executor. We reverse and remand as to all other issues. The trial court may rule based upon its complete record or it may hold another hearing.