In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00910-CV
____________

BARBARA GAIL YOUNG, Appellant

V.

FIRST COMMUNITY BANK, N.A., Appellee




On Appeal from Probate Court No. 1 
Harris County, Texas
Trial Court Cause No. 348649-401 




O P I N I O N

          Appellee, First Community Bank (Bank), a secured creditor of the estate of
F.W. Young, deceased, applied to remove appellant, Barbara Young, as
independent executor of the estate on the ground that she had not complied with
statutory duties required of an executor by filing an inventory of the estate within
90 days. See Tex. Prob. Code Ann. §§ 149C(a)(1), 250 (Vernon 2003). Bank
also sought attorney’s fees related to that effort pursuant to section 149(C)(d) of
the Probate Code. See Tex. Prob. Code Ann. § 149C(d) (authorizing “[c]osts and
expenses incurred by the party seeking removal incident to removal of an
independent executor”). The probate court did not remove Young as independent
executor, but did award Bank attorney’s fees and expenses related to attempting to
remove her. Young brings this appeal to challenge the award of attorney’s fees and
expenses. We conclude that we lack jurisdiction and therefore dismiss the appeal.
Background
          F.W. Young died on June 9, 2004. On July 21, 2004, the trial court admitted
F.W. Young’s will to probate, ordered letters testamentary issued to Young, who
was once married to F.W. Young, and appointed Young independent executor of
his estate without bond. Pursuant to section 250 of the Probate Code, Young had
90 days from July 21, 2004, or until October 19, 2004, to file an inventory of the
estate. See Tex. Prob. Code Ann. § 250. 
          On September 21, 2004, Bank filed an authenticated claim against the estate
in the amount of $41,069.87, with an additional $1,000 claim for attorney’s fees.
Bank claimed status as a secured creditor and holder of a November 2003
promissory note executed by F.W. Young in November 2003. The note reflects a
$40,000 principal loaned at 18% interest, secured by a 1999 Volkswagen, and
included a provision authorizing recovery of attorney’s fees to Bank for collection
on the loan. The note initially had a May 4, 2004 maturity date, which the Bank
extended to August 4, 2004.
          When Young had not filed the estate inventory by November 23, 2004, Bank
inquired of her counsel in writing about the expected date of filing. Having
received no response, on December 22, 2004, Bank filed an application to remove
Young as independent executor. In an additional notice sent to Young’s counsel
on January 10, 2005, Bank’s counsel reiterated that the yet-to-be-filed inventory
formed the basis of the request to remove the executor and requested Young’s
address and telephone number for purposes of service of process. The record does
not reflect that Young had ever sought an extension to file her inventory. See Tex.
Prob. Code Ann. § 149c(a)(1) (Vernon 2003).
          On February 21, 2005, the day on which her answer to Bank’s motion to
remove her as executor was due, Young filed an inventory, appraisement, and list
of claims. Though this document states that F.W. Young had a checking account
with Bank, it did not acknowledge Bank’s secured claim. In her response to the
motion to remove her as executor, filed the next day, Young argued that the
application to remove her was moot, because she had filed the inventory. The
probate court approved Young’s inventory, appraisement, and list of claims on
February 28, 2005. The record does not show that the probate court ever ruled on
Bank’s motion to remove her as executor. 
          On March 3, 2005, the Bank filed a verified motion seeking $1,000 in
attorney’s fees pursuant to section 149C(d) of the Probate Code. See Tex. Prob.
Code Ann. § 149C(d) (authorizing payment out of the estate for costs and
expenses, “including reasonable attorney’s fees and expenses,” incurred “by the
party seeking removal incident to removal of an independent executor”). Young
filed a response to the Bank’s motion for attorney’s fees, and the Bank filed a reply
to her response. The trial court conducted a hearing on Bank’s motion, but there is
no record before us of that hearing. On May 12, 2005, the Bank filed a schedule of
costs and expenses and an amended motion seeking additional attorney’s fees
incurred by those proceedings, for a total of $2,724.25. The schedule of fees and
costs accompanying the motion details the type, duration, and cost of work
performed in connection with the action to remove Young. The probate court
awarded the Bank its requested fees and later denied Young’s motion for new trial. 
          The trial court’s order awarding $2,724.25 in attorney’s fees to Bank recites
in part, as follows:
. . . [C]ame on to be considered [Bank’s] First Amended Motion for
Award of Attorney’s Fees Incurred by [Bank] Incident to Action to
Remove Independent Executor, under Probate Code Section 149C. 
The Court, having considered the Motion, the docket, and arguments
of counsel, if any, and the Schedule of Costs and Expenses Incurred
by Applicant Incident to Action Seeking Removal of Independent
Executor filed herein, finds that [Bank] is entitled under Probate Code
§ 149C(d) to recover its costs and expenses, including reasonable
attorney’s fees and expenses, from the Estate, in connection with and
incident to [Bank’s] efforts in seeking the Executor’s removal. . . .

(Underlined emphasis in original.) The order further stated, “such sum shall be
paid out of the Estate as a CLASS 2 CLAIM.” This Court’s Jurisdiction: De Ayala v. Mackie
A.      De Ayala Reaffirms Crowson Finality Principles
          Appeals from probate court have traditionally presented jurisdictional
challenges for determining whether the order appealed from is final or
interlocutory. Though the supreme court defined a test for finality in Kelley v.
Barnhill, 188 S.W.2d 385, 386 (Tex. 1945), in De Ayala v. Mackie, the court
acknowledged once again the “inherent difficult[y]” of determining finality for
purposes of appeal under “any test.” 193 S.W.3d 575, 578 (Tex. 2006) (citing
Crowson v. Wakeham, 897 S.W.2d 779, 783 (Tex. 1995)). This “inherent
difficulty” can have serious consequences, because, to the extent an order is final,
as opposed to interlocutory, the challenging party must timely perfect its appeal
under Tex. R. App. P. 25.1(a); 26.1(a). See Roach v. Rowley, 135 S.W.3d 845,
847–5 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that interim orders
approving temporary administrator’s requests for payment of attorney’s fees and
expenses were final and appealable independently, but that appellate remedy
waived by challenging party’s failure to perfect timely appeals from individual
orders). Though the Civil Practice and Remedies Code authorizes appeals from
certain interlocutory orders, the Code does not encompass any probate orders per
se. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2005). 
          Parties may appeal only from a final judgment as a general rule. De Ayala,
193 S.W.3d at 578 (citing Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.
2001)). Similarly, except when “specially provided by law,” there may be but “one
final judgment” rendered in any cause. Tex. R. Civ. P. 301. Consistent with these
principles, the Probate Code states that “[a]ll final orders of any court exercising
original probate jurisdiction shall be appealable to the courts of appeals.” Tex.
Prob. Code Ann. § 5(g) (Vernon 2003) (emphasis added). The Probate Code
specifies that some orders are final and appealable, as for example, a judgment that
determines heirship, e.g., Tex. Prob. Code Ann. § 55(a) (Vernon 2003), but does
not otherwise clarify what constitutes a “final” and, therefore, “appealable”
judgment or order for purposes of section 5(g). 
          The “inherent” difficulty in determining finality arises because Texas law
has long recognized that probate proceedings may involve multiple judgments “on
certain discreet issues,” each of which may be “final for purposes of appeal.” De
Ayala, 193 S.W.3d at 578. These “multiple” final judgments are exceptions to the
“one final judgment” rule, see id. (citing Lehmann, 39 S.W.3d at 192), which the
supreme court has approved because of the need to “review ‘controlling,
intermediate decisions before an error can harm later phases of the proceeding.’” 
Id. (quoting Logan v. McDaniel, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000,
pet. denied)). 
          Though reaffirming that not every intermediate order issued in a probate
case is appealable, the Supreme Court of Texas acknowledged in De Ayala that its
attempts to clarify finality and resulting appealability had met with limited success.
See id. at 578; see also Crowson, 897 S.W.2d at 783 (acknowledging that former
“adjudication of substantial right” test was “somewhat ambiguous,” but also
approving same as “factor” appropriate for consideration in determining finality).


 
          De Ayala held that an order that (1) denied a daughter’s motion to dismiss an
ancillary proceeding and (2) refused her request to remove the independent
executor of an estate, was an interlocutory order and thus not immediately
appealable. 193 S.W.3d at 579. The supreme court began its analysis by
reaffirming the following test of finality recited from the Crowson opinion:
If there is an express statute, such as the one for the complete heirship
judgment, declaring the phase of the probate proceedings to be final
and appealable, that statute controls. Otherwise, if there is a
proceeding of which the order in question may logically be considered
a part, but one or more pleadings also part of that proceeding raise
issues or parties not disposed of, then the probate order is
interlocutory. 

Id. at 578 (quoting Crowson, 897 S.W.2d at 783); see Tex. Prob. Code Ann. §
55(a) (authorizing appeals from judgments in proceedings to determine heirship);
see also Forlano v. Joyner, 906 S.W.2d 118, 119–20 (Tex. App.—Houston [1st
Dist.] 1995, no writ) (quoting and applying same from Crowson, 897 S.W.2d at
783, and holding order of transfer from county to probate court was interlocutory
and thus nonappealable). 
          De Ayala also reaffirmed two additional determiners of finality from the
Crowson case. The supreme court reiterated its recommendation in Crowson that
parties “seek severance orders to eliminate ambiguities about whether [an] order
was intended to be final and appealable,” provided severance is otherwise proper
under Guaranty Federal Savings Bank v. Horseshoe Operating Company, 793
S.W.2d 652, 658 (Tex. 1990). De Ayala, 193 S.W.3d at 578 (citing Crowson, 897
S.W.2d at 783). 
          In addition, courts may assess finality by determining whether the order to
be challenged “dispose[d] of all parties or issues in a particular phase of the
proceedings” for which it was brought. De Ayala, 193 S.W.3d at 579 (citing
Crowson, 897 S.W.2d at 784, and Fischer v. Williams, 331 S.W.2d 210, 213–14
(Tex. 1960) (characterizing, as interlocutory, order overruling motion to dismiss
because order did not dispose of pending controverted issue concerning whether
will contestants had shown interest in case)); see also Kelley, 188 S.W.2d at 386
(applying same test to hold order denying plea in abatement, based on prior will,
interlocutory and nonappealable); Forlano, 906 S.W.2d at 120 (same; quoting and
citing Crowson, 897 S.W.2d at 783).



          We distinguish two cases on which both Young and Bank rely in their briefs. 
These are Sammons v. Elder, 940 S.W.2d 276 (Tex. App.—Waco 1997, writ
denied), and Garcia v. Garcia, 878 S.W.2d 678 (Tex. App.—Corpus Christi 1994,
no writ). Both cases arise in part under section 149C of the Probate Code, but
neither opinion addresses whether the orders challenged were final or
interlocutory. Though Sammons, like De Ayala, involved a challenge to failure to
remove independent executors, the case involves additional issues related to
construing a decedent’s will and, moreover, the opinion refers specifically to the
probate court’s ruling as a “final judgment.” 940 S.W.2d at 279. In addition,
Sammons arose under the Declaratory Judgment Act, chapter 37 of the Civil
Practice and Remedies Code, which also authorizes attorney’s fees, subject to the
trial court’s discretion. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon
1997); Sammons, 940 S.W.2d at 284. Section 37.010 of the act specifies that, “All
orders, judgments, and decrees under [chapter 37] may be reviewed as other
orders, judgments, and decrees.” Tex. Civ. Prac. & Rem. Code Ann. § 37.010
(Vernon 1997). 
          We cannot discern explicitly from Garcia that the appeal challenged a final
judgment. The opinion suggests, however, that it involved a final judgment
rendered upon a final accounting of an estate and the resulting challenge to that
accounting. See 878 S.W.2d at 679 (finding that executor committed gross
misconduct, citing failure to make final settlement, and ordering an accounting by
newly appointed executor). In addition, as in Sammons, the trial court entered
findings of fact and conclusions of law, which the reviewing court addressed on
appeal pursuant to traditional standards of appellate review. See Sammons, 940
S.W.2d at 279; Garcia, 878 S.W.2d at 679–80. 
          To any extent that either Sammons or Garcia may have arisen from
interlocutory orders, neither can apply to this case because they predate the
supreme court’s opinion in De Ayala.
B.      Application of De Ayala Principles
          1.       No Statutory Authorization to Appeal
          As in De Ayala, no statute expressly authorizes Young’s appeal. See 193
S.W.3d at 578. Probate Code, section 5(g), the general statute authorizing appeals
from probate-court orders, requires a “final” order as a prerequisite to appeal. Tex.
Prob. Code Ann. § 5(g). But, section 149C, on which Bank relied in seeking its
attorney’s fees and expenses and on which the probate court relied in granting the
request, does not specify that orders issued pursuant to the statute are final and
appealable. 
          Moreover, though without citing section 149C, De Ayala holds that an order
that refused to remove an independent executor, which also denied the challenger’s
motion to dismiss an ancillary proceeding, is interlocutory and not appealable. Id.
at 579. Because De Ayala holds that an order refusing to remove and independent
executor is interlocutory is interlocutory, it follows that an order granting
attorney’s fees related to seeking that relief is also interlocutory. 
          2.       No Severance Sought
          Again as in De Ayala, Young did not seek to sever the award of attorney’s
fees and expenses to Bank into a separate proceeding. 193 S.W.3d at 578. 
          3.       Unresolved Issues; Related Proceedings
            The supreme court ultimately concluded that the order challenged in De
Ayala was interlocutory because “it did not dispose of all parties or issues in a
particular phase of the proceedings” or “end a phase of the proceedings,” but
“merely set[ ] the stage for the resolution of all proceedings.” Id. at 579; see also
Crowson, 897 S.W.2d at 783 (characterizing as interlocutory, probate order that is
logically part of proceeding, and other pending matters in that proceeding, that
raise issues or pertain to parties not disposed of by order) (cited with approval in
De Ayala, 193 S.W.3d at 578). 
          The order granting Bank’s motion for attorney’s fees and expenses in this
case is interlocutory for the same reasons. The relief granted by the probate court
constitutes only a partial disposition of the relief requested by Bank pursuant to
section 149C of the Probate Code, pursuant to which Bank sought principally to
remove Young as independent executor. Though Young contends, as before the
probate court, that the action to remove her is moot, and though Bank has asserted
that it did not “pursue” that claim, nothing in the record before us indicates that the
probate court has resolved Bank’s claim. Moreover, even if the probate court had
resolved the claim by denying it, in accordance with the parties’ contentions here,
the supreme court ruled in De Ayala that an order denying a motion to remove an
independent executor is interlocutory and not appealable. See 193 S.W.3d at 579. 
          Similarly, the order challenged here merely sets the stage for other
proceedings, specifically, those related to Bank’s claims and any other claims
against F.W. Young’s estate. See id. at 579; see also Crowson, 897 S.W.2d at 783. 
Though it grants Bank $2,724.25 in attorney’s fees and costs “incident” to Bank’s
efforts to remove Young as independent executor, the order states only that the fees
“shall be paid out of the Estate.” No language authorizes immediate collection of
the funds. Payment, therefore, can only be determined upon final settlement of the
estate and, therefore, upon settlement of Bank’s authenticated claim as a secured
creditor and any other claims or obligations that may arise. 
          For these reasons, we hold that the probate court’s order of June 1, 2005,
which ordered that $2,724.25 be paid to Bank out of the estate of F.W. Young to
Bank as attorney’s fees and expenses pursuant to section 149C of the Probate
Code, is an interlocutory order that is, therefore, not appealable.  ConclusionWe conclude that we lack jurisdiction and dismiss the appeal. 
 

     Sherry Radack
     Chief Justice



Panel consists of Chief Justice Radack and Justices Alcala and Bland.