Gerald F. D'UNGER, Individually and Independent Executor of the Estate of Marie Justine D'Unger, deceased, Relator,

v.

The Honorable Hector DE PENA, Jr., Judge, Respondent.

No. 96–0617.

Supreme Court of Texas.

Sept. 19, 1996.

Rehearing Overruled Nov. 15, 1996.

Sam A. Westergren, Corpus Christi, for Relator.

Catherine D'Unger, Carol Bailey, Richard L. Leshin, Corpus Christi, for Respondent.

## OPINION

PER CURIAM.

The issue in this mandamus proceeding is whether the probate court abused its discretion by refusing to release probate assets to an independent executor who replaced the court-appointed dependent administrator.

Following a will contest, the probate court appointed Geraldine D'Unger McGloin, the daughter of the testator Marie Justine D'Unger, as the temporary and then the permanent administrator of her mother's estate. Three years later, Marie Justine D'Unger's will was admitted to probate by agreement of the interested parties to the will. As directed by the will, and by the agreement of the parties, Gerald D'Unger, Marie D'Unger's son and McGloin's brother, was appointed independent executor of the estate and was issued Letters Testamentary. D'Unger, in his capacity as independent executor, filed a Motion to Withdraw Funds in Registry of Court requesting that certain estate funds be turned over to him. The probate court denied the independent executor's request for the estate funds on the basis that Section 221(d) of the Probate Code requires court approval of the final accounting before the resigning administrator can be discharged. TEX.PROB.CODE § 221(d).

D'Unger sought mandamus from the court of appeals. The court of appeals initially granted D'Unger's motion for leave to file the mandamus, but subsequently denied D'Unger's motion as improvidently granted. D'Unger now seeks mandamus from this

Court to vacate the probate court's order, claiming that the probate court has no discretion to withhold the estate funds. McGloin, the real party in interest, argues that the probate court did not err because the probate court cannot release the estate funds until the final accounting of the former dependent administration has been approved by the probate court and the dependent administrator has been officially discharged. We agree with D'Unger that the probate court has no discretion to withhold the estate funds. And, as we conclude that the independent executor has no adequate remedy by appeal, we conditionally grant the writ of mandamus.

■■■ All of the parties to the will, including McGloin, agreed to the appointment of D'Unger as the independent executor. The probate court, without dispute from any of the parties, treated this appointment as the voluntary resignation of the dependent administrator and directed the parties to follow the procedure set forth in Section 221 of the Probate Code.

Section 221 provides in part as follows:

If the necessity exists, the court may immediately accept a resignation and appoint a successor, but shall not discharge the person resigning, or release him or the sureties on his bond until final order or judgment shall have been rendered on his final account.

TEX.PROB.CODE § 221(b). Section 221(b) permits a transfer of authority to a successor representative even though the former administrator has not been officially discharged. However, there can only be one administration of an estate at a time. *See Corpus Christi Bank & Trust v. Alice Nat'l Bank,* 444 S.W.2d 632, 636–37 (Tex.1969). Immediately upon the appointment of D'Unger as the independent executor and the issuance of the Letters Testamentary, the independent administration began and the former dependent administration ceased, despite the fact that McGloin had not been officially discharged. *See Hill v. Magee,* 76 S.W.2d 579, 580 (Tex.Civ.App.—Waco 1934, writ ref'd) (recognizing that the former administrator's authority to represent the estate had ceased but that his duties to file a final report and to be held accountable for the report had not terminated because he had not yet been officially discharged).

■■■ The probate court, however, denied the independent executor's request for the estate funds that were in the registry of the court. In doing so, the court relied on section 221(d) which provides:

At the time set for hearing [on the personal representative's application to be discharged], ... [the court] shall proceed to examine [the final accounting], and hear all evidence for and against the same, and shall, if necessary restate, and audit and settle the same. If the court is satisfied that the matters entrusted to the applicant have been handled and accounted for in accordance with law, he shall enter an order of approval, and require that the estate *remaining in the possession of the applicant,* if any, be delivered to the person or persons entitled by law to receive it.

TEX.PROB.CODE § 221(d)(emphasis added).

Once an independent administration has been created, the Probate Code specifically provides that "further action of any nature shall not be had in the county court except where this Code specifically and explicitly provides for some action in the county court." TEX.PROB.CODE § 145(h); *see also Bunting v. Pearson,* 430 S.W.2d 470, 473 (Tex.1968). Section 221(d) is not such a specific and explicit provision. Rather, this provision provides for the transfer of funds, if any, held by the administrator to his or her successor. *See* TEX.PROB.CODE § 373(c) (requiring court approval of any estate distribution proposed by a dependent administrator); *see also* TEX.PROB.CODE § 234(a) (setting forth the numerous activities that the dependent administrator must first have court approval to perform).

Nothing in the Probate Code specifically and explicitly provides for the probate court to withhold the funds in its registry from the independent executor under the circumstances in this case. The probate court abused its discretion because it had no statutory authority to maintain control over the estate funds in its registry and to refuse to release the estate funds to the independent

executor. TEX.PROB.CODE § 145(h); *see Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

■ We conclude that mandamus is appropriate in this case. The independent executor here has no adequate remedy by appeal. *See Walker*, 827 S.W.2d at 840. An independent executor is just that—independent, independent of court supervision. *Bunting*, 430 S.W.2d at 473. When a probate court interferes with an independent executor's administration without specific and explicit statutory authority, the Probate Code affords no mechanism for appellate relief.

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, this Court, without hearing oral argument, grants leave to file and conditionally grants the writ of mandamus directing the probate court to vacate its order denying the independent executor's Motion to Withdraw Funds in Registry of Court and to enter an order granting the motion. *See* TEX.R.APP.P. 122. The writ will issue only if the probate court fails to comply.