Jack A. Kanz v. Helen A. Hood, et al
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-248-CV

     JACK A. KANZ,
                                                                         Appellant
     v.

     HELEN A. HOOD, ET AL,
                                                                         Appellees
 

From the 220th District Court
Bosque County, Texas
Trial Court # 94-04-11394-BCCV
                                                                                                                
                                                                                                            
DISSENTING OPINION
                                                                                                                
   
      The trial court had no jurisdiction to take any of the actions complained of on appeal. 
Because the majority affirms the actions of the trial court, I respectfully dissent. 
      We should not be distracted by the apparent simplicity of the result reached by the trial
court. The trial court has control over the estate assets only because the funds are on deposit
with the district clerk. The trial court has ordered certain fees and expenses paid, others not 
paid and the remaining proceeds disbursed equally to the nine brothers and sisters, all equal
distributees under the decedents will. 
      At first blush it may appear to be an acceptable result because of the questionable activities
of the independent executor in the past. It is not. First, we must remember that in the earlier
suit to remove Kanz as independent executor the trial court heard all the evidence and did not
remove him. Second, and much more serious, is that the majority opinion allows a trial court
to assume control over an independent administration contrary to the Probate Code, established
case precedent and the express appointment made by the deceased, Kanz’s father.
INDEPENDENT ADMINISTRATION IN TEXAS
       Independent administrations are provided for by section 145(b) of the Probate Code,
which provides:
Any person capable of making a will may provide in his will that no other action shall
be had in the county court in relation to the settlement of his estate than the probating
and recording of his will, and the return of an inventory, appraisement, and list of
claims of his estate.
Tex. Prob. Code Ann. § 145(b) (Vernon 1980) (emphasis added). The purpose of this
restraint upon the county court is to free the independent executor from judicial supervision
and to effect the distribution of an estate with a minimum of cost and delay. Burke v.
Satterfield, 525 S.W.2d 950, 955 (Tex. 1975). As long as the estate is represented by an
independent executor, further action of any nature should not be had in the court except where
the Probate Code specifically and explicitly so provides. D'Unger v. De Pena, 931 S.W.2d
533 (Tex. 1996); Bunting v. Pearson, 430 S.W.2d 470 (Tex. 1968); see also Tex. Prob.
Code Ann. § 145(h) (Vernon 1980).
 
 
      The trial court did not remove Kanz as independent executor in the earlier suit. The heirs
that sought his removal had ample opportunity to appeal that determination at the same time
that the executor was appealing the appointment of a receiver. They did not. As such Kanz
remains vested with all the authority and power of his office. As an independent executor, he
can do anything without court approval that a dependent executor can do with court approval.
This has been the law applicable to independent executors since at least 1887. In Dwyer v.
Kaltayer, the Texas Supreme Court in holding that an independent executor could operate a
mercantile business stated the rule as follows:
But, according to our construction, the executor had the power of administering the
estate free from the control of the county court, without other enlargement or any
limitation of his powers, except such as were thrown around him by the statute. It
cannot be doubted that such an executor, called in our state, for the sake of
convenience, an independent executor, has the power to do without the order of the
county court every act which an executor administering an estate under the control of
the court can do with such order. In other words, when not restrained by the will
itself he can certainly exercise all the powers given by statute to any other executor or
administrator.

Dwyer v. Kaltayer, 68 Tex. 554, 563, 5 S.W. 75, 79 (1887) (emphasis added). 
      Various courts have used strong language to describe the nature of the powers of the
independent executor. In the words of the Texas Supreme Court, “An independent executor is
just that--independent, independent of court supervision.” D'Unger v. De Pena, 931 S.W.2d
533, 535 (Tex. 1996).
      In one of the most often cited cases on the issue the Texas Supreme Court expressed the
independent executor’s authority as follows:
With reference to such matters the executor can do whatever the court could authorize
to be done, if the estate was under its entire control. McDonough v. Cross, 40 Tex.
[251], 280 [(1874)]. The limitation placed upon the powers of the court operates to
confer authority upon the executor to do without action of the court those things which
it is prohibited to order. This is the measure of the independent power conferred by
law upon the executor, and the extent to which the prohibition upon the court goes. 
The prohibition upon the power of the court arises out of the existence of a trustee to
whom the testator has chosen to confide those powers, . . . 

Roy v. Whitaker, 92 Tex. 346, 355-356, 48 S.W. 892, 897 (1898).
      The Dallas Court of Appeals described the nature of the independent executor as follows: 
“His 'independence' consists largely in his right in the administration of such estate to do
without an order of the county court every act which he could do with such an order, were he
acting under the control of such court.” Etter v. Tuck, 91 S.W.2d 875, 877 (Tex. Civ.
App.—Dallas 1936, writ dism’d), and temporary injunction dismissed, 101 S.W.2d 843 (Tex.
Civ. App.—Dallas 1937, no writ). Probably the strongest language regarding the power of an
independent executor was expressed by the Galveston Court of Appeals. It stated:
[W]here the language of a will appointing an independent executor is clear and
unambiguous, he becomes a creature of the will and not of the probate court. He is
by the terms of the will vested with unbridled authority over the estate and is
authorized to do any act respecting it which the court could authorize to be done if the
entire estate were under its control, or whatever testator himself could have done in
his lifetime, except as restrained by the terms of the will itself. 

Hutcherson v. Hutcherson, 135 S.W.2d 757, 758 (Tex. Civ. App.—Galveston 1939, writ
ref’d) (emphasis added).
TRIAL COURT’S DENIAL OF CLAIM
      Once qualified as independent executor and until removed, the independent executor is the
only individual vested with the authority and the power to determine if a payment of an
expense from estate funds or a distribution from the estate which has been entrusted to the
executor’s care is appropriate. This has been the rule since at least 1877 when the Texas
Supreme Court held that the allowance of claims against an estate subject to independent
administration need not be approved by the county court. McLane v. Belvin, 47 Tex. 493, 501
(1877); see also Roy v. Whitaker, 92 Tex. 346, 355, 48 S.W. 892, 895 (1898). The
Commission of Appeals determined that not only could the independent executor pay the debts
of the estate being administered, the independent executor could also sell estate assets, without
judicial intervention, to pay the debts. The Commission explained its holding as follows: 
Although the various decisions cited involve an administration of the deceased
husband's estate under the direction of the probate court, they are equally decisive of
the scope of exclusive jurisdiction of the independent executor of the deceased
husband's will, so far as the payment of the community debts is concerned; for it is
well settled that, as regards the sale of property belonging to the estate of the testator,
for the purpose of paying the testator's debts, his duly authorized independent
executor has all the authority which could be conferred on the administrator of the
estate by the probate court if the estate were being administered there.

Lovejoy v. Cockrell, 63 S.W.2d 1009, 1010 (Tex. Comm’n. App. 1933, judgm’t aff’d).

      Thus, unlike a dependent executor or administrator, where an application for approval to
pay an expense must be filed and court approval must be obtained, no judicial approval is
required for an independent executor to act. This also applies to a payment that the
independent executor is making to himself. As the Houston Court of Appeals has explained:
He is entitled to pay claims against the estate out of funds of the estate without court
authorization in all situations where an ordinary executor could pay them after
securing a court order. The independent executor has the same responsibilities and
duties with reference to the estate as does the executor under the direction of the
probate court. [citing Roy v. Whitaker]. He is entitled to pay claims against the estate
out of funds of the estate without court authorization in all situations where an
ordinary executor could pay them after securing a court order. Lang v. Shell
Petroleum Corporation, 138 Tex. 399, 159 S.W.2d 478 [1942]. We see no reason to
except from this rule claims against the estate owned by the executor, whether
incurred before or after the death of the testator.

***

 

We think it does not follow that the executor must sue himself in District Court to
establish his personal claim against the estate. He may allow his own claim in the
exercise of the discretion confided in him by the testator. If a subsequent action for
accounting is brought against him by those entitled to the estate, he must justify his
action in allowing himself compensation for carrying on a business, and the
reasonableness of the amount allowed, just as he must justify any other item which he
might claim as an expense of administration.

Walling v. Hubbard, 389 S.W.2d 581, 590 (Tex. Civ. App.—Houston 1965, writ ref’d n.r.e.
and writ dism’d w.o.j.) (emphasis added).
      Parties cannot confer jurisdiction on a court by agreement or failure to object to actions
taken in the absence of jurisdiction. Russ Berrie and Co., Inc. v. Gantt, 998 S.W.2d 713, 715
(Tex. App.—El Paso 1999, no pet.). Thus, even if the court is asked to approve and does
approve a particular payment, it does so without jurisdiction.
      When the parties applied to the district court for payment of their attorney fees and costs
incurred in the suit to remove Kanz as executor, they were both asking the court to do
something over which it has no jurisdiction. By approving one application and rejecting the
other, the court has performed the task that the decreased entrusted to his son, and the court is
now acting in place of the independent executor. This is exactly what the legislature and the
deceased prohibited by the authorization for and creation of an independent administration of
his estate.
      The only activities that a court can involve itself in once an independent administration has
been created, are those which the Probate Code “specifically and explicitly provides for some
action in the county court." Tex. Prob. Code § 145(h); see also D'Unger v. De Pena, 931
S.W.2d 533, 534 (Tex. 1996); Bunting v. Pearson, 430 S.W.2d 470, 473 (Tex. 1968). Texas
Probate Code § 149C (a) and (b) provide the trial court with a specific procedure to remove an
independent executor. Tex. Prob. Code § 149C (a), (b) (Vernon 1980 & Supp. 2000). That
attempt has already been made by the devisees and failed. 
      Probate Code § 149C (c) and (d) are not such specific and explicit provisions. Tex. Prob.
Code § 149 (c), (d) (Vernon 1980 & Supp. 2000). Rather, these provisions are written
broadly so that any one of three individuals, depending on the situation, could make the
decision as to whether cost and expenses will be paid out of the estate funds. These three
individuals are:
      1.   Independent Executor - if not removed;
      2.   The trial court - as part of the order of removal;


 or
      3.   A successor personal representative of the estate.
Because Kanz is still the executor, he is the only one empowered to make the determination. 
Of course the executor's actions are subject to the constraints of the probate code including a
suit in connection with a final accounting to challenge the executor's payment or denial of
specific expenses, but that is not the form of the action before us. See Walling v. Hubbard,
389 S.W.2d 581, 590 (Tex. Civ. App.—Houston 1965, writ ref’d n.r.e. and writ dism’d 
w.o.j.).
      The matter should have been remanded by the district court to the county court
immediately upon the resolution of the prior dispute. Tex. Prob. Code Ann. § 5 (Vernon
1980 & Supp. 2000). If this had been done in a timely fashion, there would have been no
pending district court suit in which to file these applications for payment of expenses. 
Additionally, once filed, the district court should have refused to act upon the request because
it lacked jurisdiction to do so.
      For the foregoing reasons, and on the strength of the statutes and cases cited, I would hold
that the trial court was without authority to grant or deny Kanz an award of fees and cost
incurred in defending the suit for his removal as executor.
DISTRICT CLERK’S DISTRIBUTION OF THE ESTATE
      The independent executor also complains that the trial court has no jurisdiction to order
the district clerk to make any disposition of the estate’s funds other than to pay them over to
him as independent executor. He is absolutely correct. The Texas Supreme Court has held
that a probate court has no authority to maintain control over estate funds if there was a duly
qualified independent executor. In the words of the Court:
Nothing in the Probate Code specifically and explicitly provides for the probate
court to withhold the funds in its registry from the independent executor under the
circumstances in this case. The probate court abused its discretion because it had no
statutory authority to maintain control over the estate funds in its registry and to
refuse to release the estate funds to the independent executor. 

Tex. Prob. Code § 145(h); see D'Unger v. De Pena, 931 S.W.2d 533, 534-535 (Tex. 1996).      On a case with remarkably similar facts, the money was in the registry of the court and the
court ordered certain payments to be made from the funds on deposit and the remainder paid to
the distributees, the Houston [14th] Court of Appeals held that the trial court’s actions were
void and an abuse of discretion. As the Court explained:
We find no provision in the Probate Code authorizing the orders entered by
respondent on July 10, 1991 and January 24, 1992. These orders wrongfully
permitted the court to assume control, management and settlement of the estate, which
is clearly against the intent of the decedent. In fact, by requiring the note payments to
be paid into the registry of the court, respondent has in effect converted decedent's
estate from an independent administration into a dependent administration. 
Respondent's orders prevented the independent executrix from exercising her statutory
authority to manage and settle the estate independently of the court. The trial judge
clearly abused her discretion.
While it appears that this estate should be closed, and that may have been the
motivation for respondent's actions, such orders are not statutorily authorized. We
find that respondent's July 10, 1991 and January 24, 1992 orders are void . . .

Collins v. Baker, 825 S.W.2d 555, 556-557 (Tex. App.—Houston [14th] 1992, original
proceeding).
      The majority holds that if the trial court did not have the authority to order the clerk to
make the distribution pursuant to § 149B (b), that the error is harmless because there was
nothing further for the executor to do. If the trial court had no jurisdiction to act, we cannot
apply the harmless error rule to his actions. Jurisdiction cannot be waived and is not subject to
a harmless error analysis.
      Additionally, without control over the disbursement of funds the independent executor
cannot fulfill the duties of his office necessary to close the estate. Nor, if the executor so
desires, can he bring and pay for the suit, now specifically authorized by Probate Code §
149E, to obtain a judicial declaration closing the estate and discharging the executor's
individual liability relating to the past administration of the estate. An independent executor is
specifically authorized to retain a "reasonable reserve" of assets for this purpose. Tex. Prob.
Code § 149E (Vernon 1980 & Supp. 2000). Because the independent executor is deprived of
the funds necessary to preform his duties, the trial court’s actions cannot be harmless.
CONCLUSION
      I would hold that the trial court lacked jurisdiction to grant or deny the applications for
payment of attorneys fees and cost and that the trial court lacked jurisdiction to order the clerk
to make a distribution of estate assets. Accordingly, I would reverse the judgment of the trial
court, remand this cause with instructions for the trial court to vacate his void orders and to
dismiss the applications and motion for lack of jurisdiction, and to further order the cause
remanded to the county court for further proceedings of the estate, if any.


                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed April 12, 2000
Publish