NUMBER 13-00-696-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI





IN THE MATTER OF THE 

ESTATE OF JORGE FIGUEROA-GOMEZ, DECEASED





On appeal from the County Court at Law No. 2

of Hidalgo County, Texas.





O P I N I O N


Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Dorsey


This appeal arises out of the administration of the estate of Jorge Figueroa-Gomez. Appellant, Maria Eugenia Pierre Ortiz,
is the independent administrator of the estate. She appeals an order signed by the County Court at Law No. 2 of Hidalgo
County, which confirmed and approved two payments to the prior dependent administrator of the estate. The payments
were for expenses and for a commission.

The previous administrator, Ana Maria Gomez Mendoza, was appointed temporary administrator in May 1999, and
permanent administrator in June. Mendoza filed with the court a final account of the estate in July, and an order closing the
administration was signed by the court.

In August 1999, Mendoza filed an application for reimbursement for payment of $14,568.15 in expenses she incurred in
administering the estate. The bulk of that amount ($12,389.19) represented attorneys fees paid to attorneys in Mexico. The
court approved the application within a couple of weeks of its filing.

The record does not indicate that any other action regarding this estate was taken until March 2000, when the county court
at law signed an order revoking the letters of administration of Mendoza pursuant to a motion filed by Ana Eugenia
Figueroa-Pierre. Figueroa-Pierre sought removal of Mendoza as administrator because Mendoza had been incarcerated in
Mexico. On the same day that Mendoza was removed, appellant was appointed independent administrator of the estate.

Two months after being removed as administrator, Mendoza filed an application for statutory compensation she claimed
was owed her for services she performed while serving as administrator. See Tex. Prob. Code Ann. § 241(a) (Vernon
Supp. 2002) (authorizing a 5% commission for services of administrator). The court approved the commission payment of
$5,499.11 in the same month application was made.

After the court signed the order approving payment of the commission, the independent administrator, Ortiz, filed a notice
that she rejected the claim. Moreover, Ortiz also filed a motion to set aside both the judgment approving the commission
and the August 1999 order approving expenses that had been requested by Mendoza. The court ruled on both these matters
on October 3, 2000, in the order which is at issue in this appeal. That order states that Ortiz's objection to the attorneys fees
of $12,389.19 is overruled, and, further, orders the estate to pay Mendoza the $5,499.11 commission within forty-five days
of the date of the order. (1)

Appellant attacks the trial court's order by three general issues. We will group them as they relate to each part of the
challenged order. First, appellant challenges that part of the order overruling her objection to the former administrator's
claim for expenses, particularly, the $12,389.19 representing attorneys' fees. The court approved this claim on August 19,
1999. Appellant first challenged this payment on September 25, 2000, over one year after the claim was approved. We
hold that this Court is without jurisdiction to entertain an appeal of this order.

Section 312 of the probate code states that "any person interested in an estate may, at any time before the court has acted
upon a claim, appear and object in writing to the approval of the same . . . ." Tex. Prob. Code Ann. § 312 (a) (Vernon
Supp. 2002). When the court has acted upon such a claim, the court is required to sign a memorandum stating the action
taken upon the claim. Id. § 312 (d). "Such orders shall have the force and effect of final judgments," id., from which a
claimant or person interested in the estate may appeal to the courts of appeals, "as from any other judgments of the county
court in probate matters," id. This has been interpreted to mean that if an order rendered under section 312 is not appealed,
it becomes final and is not subject to collateral attack. See Walton v. First Nat'l Bank of Trenton, Trenton, Tex., 956
S.W.2d 647, 650-51 (Tex. App.--Texarkana 1997, pet. denied); Bell v. Nat'l Bank of Commerce of San Antonio, 102
S.W.2d 247, 248 (Tex. Civ. App.--San Antonio 1937, writ ref'd). Because appellant did not file a notice of appeal within
the prescribed time period, we are without jurisdiction to hear a challenge to the court's order approving the former
administrator's claim for expenses. See Tex. R. App. P. 26.1 (providing that appeal must be filed within thirty or ninety
days of rendition of judgment); Tex. R. App. P. 25.1(b) (providing that failure to timely file notice of appeal is
jurisdictional). We affirm that portion of the trial court's judgment refusing to set aside its allowance of the claim for
expenses.

Next, we address appellant's issues related to that portion of the trial court's order that overrules her objection to the former
administrator's claim for a commission and that orders her to pay that amount within forty-five days of the judgment. We
hold that both the award of the commission and the order to pay it were proper exercises of the trial court's authority.

The trial court was clearly authorized to pay the former administrator the commission according to statute. Texas Probate
Code section 241 states that:

Executors, administrators, and temporary administrators shall be entitled to receive a commission of five per cent (5%) on
all sums they may actually receive . . . , and . . . they . . . pay out in cash, in the administration of the estate . . . provided . . .
however, that in no event shall the executor or administrator be entitled in the aggregate to more than five per cent (5%) of
the gross fair market value of the estate subject to administration. . . .

Tex. Prob. Code Ann. § 241(a) (Vernon Supp. 2002). (Section 149C grants the trial court authority to involuntarily remove
an independent administrator for cause, and section 222 allows for involuntary removal for cause of a dependent
administrator. Tex. Prob. Code Ann. §§ 149C, 222 (Vernon Supp. 2002).)

First, appellant claims that the trial court was not authorized to award the commission because Mendoza had not qualified
as administrator by filing an oath. This argument is without merit. Mendoza filed an oath as temporary administrator of the
estate. It appears from the record that all actions for which she claims compensation is owed were taken during the period
of the temporary administration. Failure to take an oath as a permanent administrator has no bearing on her ability to
receive a commission for actions taken during her term as temporary administrator. We overrule this issue.

Finally, appellant contends that the trial court was without jurisdiction to order the commission payment because at the
time the payment was ordered, the estate had become an independent administration, which divested the court of
jurisdiction over the matter. We disagree with this contention.

Appellant cites D'Unger v. De Pena for the proposition that once an independent administrator is appointed in an estate
matter, a prior dependent administration must necessarily cease to exist because there may be only one administration of an
estate at a time. D'Unger v. De Pena, 931 S.W.2d 533, 534 (Tex. 1996). While we agree with this statement of law, we
do not agree that it necessarily follows that the appointment of appellant as independent administrator automatically
divested the trial court of jurisdiction over all matters affecting the estate.

Probate code section 145(h) states that:

When an independent administration has been created, and the order appointing an independent executor has been entered
by the county court, and the inventory, appraisement, and list aforesaid has been filed by the executor and approved by the
county court, as long as the estate is represented by an independent executor, further action of any nature shall not be had in
the county court except where this Code specifically and explicitly provides for some action in the county court.

Tex. Prob. Code Ann. § 145(h) (Vernon Supp. 2002) (emphasis added); see D'Unger, 931 S.W.2d at 534; Bunting v.
Pearson, 430 S.W.2d 470, 473 (Tex. 1968). We believe that section 241, which authorizes the payment of a commission to
personal representatives, specifically and explicitly provides for court action in approving such payment.

By its terms, section 241 requires court action. It states that "[e]xecutors, administrators, and temporary administrators
shall be entitled to . . . a commission . . . on a finding by the court that the executor or administrator has taken care of and
managed the estate in compliance with the standards of this code . . . ." Tex. Prob. Code Ann. § 241 (Vernon Supp. 2002)
(emphasis added). After describing the amount of the commission to which an administrator or executive is entitled, and
detailing certain limitations and particulars about the commission award, section 241states, "For this purpose, the county
court shall have jurisdiction to receive, consider, and act on applications from independent executors." Id. Finally, the last
part of section 241 allows the court to deny a commission based upon certain findings. Id. These provisions set forth
specific and explicit things the court is authorized to do with regard to awarding commissions. In fact, it does not appear
from the plain language of this section that a commission can be awarded without the court making a finding that the
executor or administrator has taken care of and managed the estate in compliance with the standards of the code. See id.
Accordingly, if the statute both authorizes payment of a commission to a temporary administrator, and requires the court to
make a finding to authorize the payment, it logically follows that the statute amounts to a "specific and explicit" provision
for action by the court as envisioned by section 146. See id. § 146. We hold that the court possessed authority to approve
the commission, even though it was done subsequent to the appointment of an independent administrator. Accordingly, we
affirm that portion of the trial court's October 3 order, and the trial court's judgment is thereby affirmed in all respects.

 

J. BONNER DORSEY,

Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 7th day of March, 2002.

 

1. The record contains an order that was apparently signed on August 28, 2000, stating both prior orders allowing
Mendoza's claims were set aside. However, the record also contains a duplicate copy of that order filed on October 3,
2000, bearing a notation made by the court that it was void. The court's findings of fact state that the August 28 hearing
was continued until October 3, and do not indicate that an order setting aside the prior orders was signed. The record also
contains a letter from counsel for Mendoza indicating that the August 28 order was supposed to be an order continuing the
hearing (not an order granting the relief requested by Ortiz). Because the court clearly treated it as such, we construe the
original August 28 order as erroneously signed and subsequently voided by the court.