# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00321-CV

**William Alexander Roper, Jr., Appellant**

**v.**

**Reagan, Burrus, Dierkson, Lamon & Bluntzer PLLC, Appellee**

### FROM THE COUNTY COURT OF LAW NO. 2 OF COMAL COUNTY,
### NO. 2005PC0102, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

William Alexander Roper, Jr., has filed a notice of appeal from a May 10, 2007 order of the trial court compelling the dependent administrator of the Estate of Michael G. Roper to pay attorney's fees awarded in a previous order. In the prior order, dated March 1, 2006, the trial court, on application by Reagan, Burrus, Dierkson, Lamon & Bluntzer PLLC ("Reagan Burrus"), had ordered the dependent administrator to pay approximately $6,200 in attorney's fees and expenses incurred through Reagan Burrus's provision of legal services in connection with the dependent administrator's appointment. Reagan Burrus has filed a motion to dismiss Roper's appeal for want of subject-matter jurisdiction. Having reviewed the jurisdictional arguments in Roper's response to the motion to dismiss and his brief on appeal—we conclude that we lack subject-matter jurisdiction over the appeal and we grant the motion and dismiss.

Under the probate code, the underlying March 1, 2006 order awarding Reagan Burrus fees and expenses was final and appealable. Reagan Burrus's application for payment was a claim against the Estate. Section 312(e) of the probate code provides:

> Where a claimant or any other person interested in an estate shall be dissatisfied with the action of the court upon a claim, the claimant or person may appeal therefrom to the courts of appeals, as from other judgments of the county court in probate matters.

Tex. Prob. Code Ann. § 312(e) (West 2003); *see also id.* § 312(d) (West 2003) (orders of probate court on claims "shall have the force and effect of final judgments"). Section 312(e) "has been interpreted to mean that if an order rendered under section 312 is not appealed, it becomes final and is not subject to collateral attack." *In re Estate of Figueroa-Gomez*, 76 S.W.3d 533, 535-36 (Tex. App.—Corpus Christi 2002, no pet.).

Appellant filed his *pro se* notice of appeal on June 1, 2007, long after any possibly applicable deadline to appeal the March 1, 2006 order had lapsed. Generally, an appellant has 30 days to file his notice of appeal from a judgment or order, unless he timely filed a motion for new trial or motion to modify the judgment, in which case he has 90 days to file his notice of appeal. *See* Tex. R. App. P. 26.1(a). In this case, appellant filed, on June 1, 2006, in the same cause, what he styled a "bill of review" and motion to set aside the March 1 order. Appellant's instrument challenged the March 1 order both on the merits and on the basis that appellant was an interested party who had not been properly served with a copy of Reagan Burrus's application. No hearing on this filing was set or held, and the trial court did not take any action on it. Reagan Burrus urges that appellant's "bill of review" is actually a mis-styled motion for new trial that was overruled by

2

operation of law 75 days after filing, in August 2006. *See Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (explaining that bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by new trial motion or appeal); *cf. Taylor v. Hill*, No. 03-07-00285-CV, __ S.W.3d ___, ___ (Tex. App.—Austin, Feb. 15, 2008, no pet. h.) ("We first observe that Taylor filed his 'Motion to Declare Judgment Void Due to Lack of Subject-Matter Jurisdiction' in the same underlying proceeding, and it amounts to an untimely motion to set aside the June 2003 judgment."). We agree. In any event, appellant's "bill of review" to challenge the March 1, 2006 order, even if pending, would not confer on us subject-matter jurisdiction to consider the order appellant attempts to challenge here.

On February 13, 2007, Reagan Burrus filed a motion to compel payment of the attorney's fees that the trial court had previously awarded in its March 1, 2006 order. On May 10, the trial court granted the motion. It is from this order that appellant purports to appeal.

Our appellate jurisdiction is limited to final judgments and those limited classes of interlocutory orders over which the legislature has given us jurisdiction. *Majeski v. Estate of Majeski*, 163 S.W.3d 102, 105 (Tex. App.—Austin 2005, no pet.) (citing *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998)). As Roper acknowledges in his docketing statement, the May 10, 2007 order compelling payment of attorney's fees is interlocutory. *See Wagner v. Warnasch*, 295 S.W.2d 890, 893 (Tex. 1956) ("[A]n order or decree, made for the purpose of carrying a judgment or decree already entered into effect, is not a final judgment or decree, and cannot be appealed from as such."). Statutes authorizing appeals from interlocutory orders are strictly construed. *Art Inst. of Chicago v. Integral Hedging, L.P.*, 129 S.W.3d 564, 570

3

(Tex. App.—Dallas 2003, no pet.). In probate proceedings, section 51.014(a) authorizes appeals from an interlocutory order that appoints a receiver or trustee or overrules a motion to vacate an order that appoints a receiver or trustee. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1), (2) (West 1997 & Supp. 2007). Section 51.014(a) does not authorize an appeal from an interlocutory order compelling payment of previously awarded attorney's fees. *See Integral Hedging, L.P.*, 129 S.W.3d at 573.

In summary, Roper did not timely perfect an appeal from the trial court's March 1, 2006 order and we do not have jurisdiction to consider Roper's appeal from the trial court's May 10, 2007 interlocutory order. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: March 18, 2008

4